(September 26, 1985)

■ In the Matter of RICHARD GRAHAM, Appellant, v CHARLES SCULLY, as Superintendent of Green Haven Correctional Facility, et al., Respondents.—Levine, J. Appeal from a judgment of the Supreme Court at Special Term (Viscardi, J.), entered June 13, 1983 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review the determinations of two Superintendent's proceedings.

Petitioner presently is serving an indeterminate sentence of from 25 years to life in a State correctional facility. By this appeal, he seeks annulment of two administrative determinations: (1) a 1981 determination imposing disciplinary sanctions for misconduct, following an administrative hearing, while he was confined as an inmate at Green Haven Correctional Facility in Dutchess County; and (2) a 1983 determination, also following a hearing, as a result of which he was placed in involuntary protective custody while an inmate at Great Meadow Correctional Facility in Washington County. Petitioner originally initiated this CPLR article 78 proceeding in Supreme Court, Dutchess County, in September 1981 to seek judicial review of the earlier disciplinary action, and the matter was placed on the Special Term calendar. Petitioner failed to prosecute the proceeding and in October of that year it was stricken from the calendar, with leave to renew. In March 1983, petitioner applied to the Clerk of the Dutchess County Supreme Court for a new return date. After the proceeding was recalendared and respondent Charles Scully (hereinafter respondent) answered, petitioner served a reply which raised his alternative challenge to the 1983 determination placing him in protective custody. The entire matter was subsequently transferred to Washington County Supreme Court, Special Term, because petitioner was then again incarcerated at Great Meadow.

Regarding petitioner's challenge to the 1981 determination, he has failed to make any showing adequate to overcome the rebuttable presumption that the matter was abandoned for his neglect to prosecute it for more than a year after it was removed from the court calendar (CPLR 3404; *Marine Midland Bank-Eastern Natl. Assn. v Safari Animal Country,* 110 AD2d 1024; *Merrill v Robinson,* 99 AD2d 578, 578-579).

Turning to petitioner's challenge to the determination to place him in involuntary protective custody, the record discloses that this followed petitioner's having reported a threat

to his life by other inmates who suspected that he had cooperated with the authorities in the prosecution of Lemuel Smith, a former fellow inmate at the Green Haven prison, for murdering a female correctional officer. Petitioner contested the need to be placed in protective custody, demanded a hearing and requested that several prison staff members, a prison chaplain and two fellow inmates be called as witnesses. The hearing officer declined to have these persons testify in petitioner's presence, but did conduct recorded interviews of each. Subsequently, he accurately described for petitioner the substance of the witnesses' statements, except for those of the two inmates, whose reports were totally withheld as "confidential". The transcript of the interviews were sealed and filed separately on this appeal.

The record reveals that the hearing officer failed to give petitioner any valid reason for barring petitioner's presence at the interview of the witnesses or for refusing to inform him of what the inmate prisoners said. Departmental regulations (7 NYCRR 304.3 [c]) provide for a Superintendent's hearing before an inmate may be placed in involuntary protective custody, to be conducted in accordance with the regulations governing disciplinary hearings (7 NYCRR part 254). Under the latter regulations (7 NYCRR 254.5 [b]), an inmate may not be deprived of the right to be present at the interview of witnesses unless the hearing officer determines that to do so would jeopardize institutional safety or correctional goals. Even then, the inmate is entitled to hear a tape of the interview unless denial thereof is similarly justified *(id.).* Noncompliance with the foregoing regulation in a disciplinary hearing has been held to require annulment of an adverse determination *(Matter of Garcia v LeFevre,* 64 NY2d 1001). Here, however, petitioner states in his brief that he was released from protective custody in August 1983 upon being transferred to another institution. The determination to place petitioner in protective custody did not, nor does it now, otherwise affect petitioner's rights or privileges and, therefore, his appeal from that determination is moot *(see, Matter of Garcia v Soley,* 63 AD2d 981). Since this matter does not present a recurring issue of public interest which otherwise would escape appellate review, dismissal of that portion of the appeal is appropriate *(People ex rel. Rodriguez v LeFevre,* 84 AD2d 661).

Judgment dismissing so much of the petition as sought annulment of the September 3, 1981 determination against petitioner affirmed, without costs.

Appeal from that part of the judgment dismissing so much of the petition as sought annulment of the April 18, 1983 determination placing petitioner in involuntary protective custody dismissed, as moot, without costs. Casey, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.