■ In the Matter of SHANE ATKINS, Petitioner, v R. MILES, as Superintendent of Elmira Correctional Facility, et al., Respondents.—Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Chemung County) to review two determinations of respondent Commissioner of Correctional Services which

found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate in the State correctional system, seeks to vacate two determinations of respondent Commissioner of Correctional Services which affirmed the disposition of one Superintendent's proceeding and modified a second disposition. Appearing *pro se*, petitioner mounts a number of challenges to the procedural adequacy of the Superintendent's proceedings, but we find no merit in his claims.

The hearings in this case were tier III Superintendent's proceedings and were conducted in accordance with the relevant regulations *(see,* 7 NYCRR part 254). In particular, petitioner received the inmate assistance to which he was entitled *(see,* 7 NYCRR 251-4.2) and we find no support for his claim that he was deprived of documentary evidence. Petitioner's claim concerning the hearing officer's failure to interview witnesses is also unavailing. Petitioner had the right to call witnesses (7 NYCRR 254.5) and he was adequately advised of this right, but elected not to call any witnesses. In these circumstances, the hearing officer was not required to interview witnesses *(see, People ex rel. Vega v Smith,* 66 NY2d 130, 140-143). We find no support in the record for petitioner's claims that the hearing officer was biased and improperly entered a plea on petitioner's behalf.

Since the record reveals no procedural deficiencies in the Superintendent's proceedings, and since the written misbehavior reports by officers having firsthand knowledge of petitioner's misbehavior constituted substantial evidence to support the hearing officer's findings that petitioner violated institutional rules *(see, People ex rel. Vega v Smith, supra,* at 139, 140), the determinations must be confirmed.

Determinations confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.