■ In the Matter of IVAN LA BOY, Petitioner, v EUGENE LEFEVRE, as Superintendent of Clinton Correctional Facility, et al., Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

On January 12, 1987, petitioner was served with a misbehavior report charging him with violating prison rules prohibiting the possession of contraband and weapons by an inmate. The charges stemmed from the discovery, on January 11, 1987, of a razor blade inside the flap covering the zipper of petitioner's pants. A written misbehavior report was made

setting forth the facts surrounding the discovery of the razor blade. Petitioner was not segregated from the general prison population pending the hearing on the matter. A hearing was held on January 23, 1987. Petitioner did not call any witnesses. Relying primarily upon the misbehavior report, petitioner was found guilty of the charged violations. Following administrative review, petitioner commenced the instant proceeding alleging that the hearing was not timely commenced and that the determination was not supported by substantial evidence.

If an inmate is "confined" pending a disciplinary hearing or Superintendent's hearing, the hearing must be commenced within seven days unless respondent Commissioner of Correctional Services authorizes an extension (7 NYCRR 251-5.1 [a]; see, Matter of Schettino v Coughlin, 116 AD2d 804). Confinement is deemed to occur when "an inmate is segregated from the general prison population against his will and his liberty is restricted in a significantly greater manner than that of inmates in the general prison population" (Matter of Estades v Coughlin, 101 AD2d 299, 300). If the inmate is not in confinement pending the hearing, the hearing need only be conducted within 14 days of the writing of the report unless otherwise authorized by the Commissioner (7 NYCRR 251-5.1 [b]). These time requirements are in compliance with the constitutional guarantee of due process (see, Hewitt v Helms, 459 US 460; Matter of Schettino v Coughlin, supra). Here, petitioner was not confined between the time the misbehavior report was written and the time when his hearing was conducted. The hearing was conducted within 14 days following the writing of the report. Hence, the hearing was timely.

Petitioner's contention that the determination was not supported by substantial evidence since the Commissioner relied upon a written misbehavior report is meritless. A written misbehavior report can, by itself, constitute substantial evidence of an inmate's misconduct (see, Matter of Perez v Wilmot, 67 NY2d 615, 616) and, contrary to petitioner's argument, reliance on such a report does not necessarily constitute a deprivation of due process (see, People ex rel. Vega v Smith, 66 NY2d 130, 140-142). A review of the misbehavior report written up against petitioner reveals that it contained sufficient factual information to support the Commissioner's determination.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Weiss, Levine and Harvey, JJ., concur.