■ In the Matter of HENRY BRITO, Appellant, v JAMES E. SULLIVAN, as Superintendent of Sing Sing Correctional Facility, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent dated March 22, 1986, finding the petitioner guilty of assault and fighting

emanating from his stabbing of a fellow inmate, and imposing a penalty, and to expunge the charges from his institutional record, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Delaney, J.), entered September 5, 1986, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determination is annulled, and the respondent is directed to expunge from the petitioner's institutional record all reference to the charges underlying the Superintendent's proceeding in question.

Pursuant to 7 NYCRR 251-5.1 (a), the respondent was required to commence the Superintendent's proceeding within seven days of the petitioner's incarceration in the special housing unit unless an extension was authorized by the Commissioner or his designee. The respondent's first request for an extension of time in which to commence the hearing was not granted until March 17, 1986, the tenth day of the petitioner's confinement in the special housing unit. Under the circumstances, the determination must be annulled and all references to the Superintendent's proceeding in the petitioner's institutional record must be expunged (see, Matter of Coley v Sullivan, 126 AD2d 641; People ex rel. De Fulmer v Scully, 110 AD2d 671, 672, appeal dismissed 65 NY2d 925; Matter of Lozada v Scully, 108 AD2d 859).

In light of this determination, we need not consider the petitioner's remaining contention. Mangano, J. P., Bracken, Weinstein and Balletta, JJ., concur.