■ In the Matter of ROY TAYLOR, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of New York State Department of Correctional Services, et al., Respondents.—Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found that petitioner had violated certain prison disciplinary rules.

Based upon the contents of two misbehavior reports, petitioner was found guilty after a Superintendent's hearing of engaging in violent conduct, refusing to obey a direct order and assault, in violation of prison disciplinary rules. We first reject petitioner's substantial evidence argument. The detailed misbehavior reports, prepared by the officers involved in the incident, indorsed by other correction officers and dated the same day as the incident, were sufficiently relevant and probative to constitute substantial evidence (see, People ex rel. Vega v Smith, 66 NY2d 130, 140). Whether to credit the correction officers' statements in their reports or to accept petitioner's conflicting evidence was for the fact finder (supra).

Petitioner contends that the absence of any inconsistencies in the two misbehavior reports establishes that the correction officers conspired to fabricate the contents of their reports in order to cover up their unprovoked assault on petitioner. The argument is meritless. Had petitioner wished to pursue this claim at the hearing, he could have requested that the correction officers be called as witnesses (see, 7 NYCRR 254.5; Matter of Perez v Wilmot, 67 NY2d 615, 617). Petitioner also maintains that the Hearing Officer was not impartial since he made his determination without being familiar with either the "atmosphere" surrounding the incident or the correction officers who prepared the reports. In our view, these factors are more suggestive of the Hearing Officer's objectivity than his

bias. The record contains nothing to indicate that petitioner did not receive a fair hearing (see, Matter of Atkins v Miles, 133 AD2d 997, 998).

Lastly, petitioner maintains that the hearing was held in violation of the "seven-day rule", which requires that a hearing be held within seven days where the inmate is confined pending the hearing (7 NYCRR 251-5.1 [a]). Respondents contend that petitioner's confinement prior to the hearing at issue was due to other unrelated disciplinary determinations, and the record supports this contention. Accordingly, since petitioner was not confined pending the hearing at issue, the seven-day rule was inapplicable (see, Matter of Diaz v Coughlin, 134 AD2d 668, 669).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.