■ In the Matter of JERRY YOUNG, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the State Department of Correctional Services, et al., Respondents.—Mercure, J. Appeal from a judgment of the Supreme Court (Berke, J.), entered February 26, 1988 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review determinations of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, while an inmate at Great Meadow Correctional Facility in Washington County, was served with six misbehavior reports between August 3, 1987 and September 7, 1987. Following a Tier III hearing on each report, petitioner was found guilty of all charges and disciplinary sanctions were imposed. After unsuccessful administrative appeals, petitioner commenced a habeas corpus proceeding in Supreme Court to challenge the determinations. Supreme Court properly converted the proceeding to one under CPLR article 78 and dismissed the petition as meritless. This appeal followed.

We affirm. Initially, respondents were not required to commence the disciplinary proceedings within seven days following the acts of misconduct forming the basis for the respective misbehavior reports. Petitioner was in restrictive confinement at the time of commission of the instant acts of misconduct and thereafter as the result of a prior disciplinary proceeding and not due to the pendency of administrative proceedings. Accordingly, the requirement that a hearing be commenced within seven days of "the inmate's initial confinement *pending said disciplinary hearing*" (7 NYCRR 251-5.1 [a] [emphasis supplied]) had no application here *(see, Matter of La Boy v LeFevre,* 136 AD2d 815, 816; *Matter of Diaz v Coughlin,* 134 AD2d 668, 669). All hearings, completed within 14 days of the writing of the misconduct report or the time specified in authorized extensions, were conducted in a timely fashion *(see,* 7 NYCRR 251-5.1 [b]; *Matter of La Boy v LeFevre, supra; Matter of Taylor v Coughlin,* 135 AD2d 992, 993). Last in this regard, 7 NYCRR 251-5.1 (b) does not require that an inmate be given advance notice of the reason for a request for an adjournment or extension.

Next, we reject the contention that petitioner was denied due process as a result of the Hearing Officer's refusal to direct a Commission of Correction monitor to testify at the September 16, 1987 hearing. "The Commission's policy that its monitors should remain neutral and not testify at disciplinary proceedings is reasonable and consistent with the orderly administration of a correctional institution" *(People ex rel. Catapano v Smith,* 115 AD2d 248, *lv denied* 67 NY2d 604). Further, the anticipated testimony of the monitor, as related by petitioner, would have been duplicative of that of a correction officer who testified and thus redundant *(see,* 7 NYCRR 254.5 [a]).

Finally, we find that petitioner's refusal to obey a direct order of a correction officer did constitute a violation of State-wide rule 106.10 *(see, Matter of Gayle v LeFevre,* 139 AD2d 866) and we note that there is no support in the record for petitioner's conclusory allegation that the Hearing Officers in these proceedings were biased.

Judgment affirmed, without costs. Weiss, J. P., Yesawich, Jr., Levine, Harvey and Mercure, JJ., concur.