■ In the Matter of SAMUEL WYSINGER, Appellant, v CHARLES J. SCULLY, as Superintendent of Green Haven Correctional Facility, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Scully dated December 18, 1987, finding the petitioner guilty of assault, possession of a weapon and fighting, and imposing a penalty, and to expunge the charges from his institutional record, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Cowhey, J.), entered August 22, 1988, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determination is annulled, the charges are dismissed, and the respondents are directed to expunge from the petitioner's institutional record all reference to the charges underlying the Superintendent's proceeding in question.

Pursuant to 7 NYCRR 251-5.1 (a), a Superintendent's proceeding should have been commenced within seven days following the petitioner's incarceration in a special housing unit unless an extension was authorized by the respondent Commissioner of Correctional Services or his designee. On the eleventh day of the petitioner's confinement in the special housing unit, the respondent Scully applied for and received a second extension. The second extension was invalid in that it was sought and obtained after the first extension had expired, while the petitioner was still confined in the special housing unit.

Under the circumstances, the determination must be annulled, and all reference to the Superintendent's proceeding in the petitioner's institutional record must be expunged (see, Matter of Brito v Sullivan, 141 AD2d 819; Matter of Coley v Sullivan, 126 AD2d 641; People ex rel. De Fulmer v Scully, 110 AD2d 671, 672, appeal dismissed 65 NY2d 925).

In light of this determination, we need not consider the petitioner's remaining contentions. Mollen, P. J., Kunzeman, Spatt and Rosenblatt, JJ., concur.