■ In the Matter of ANGEL MALDONADO, Appellant, v THOMAS COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination, dated October 15, 1987, made after a Superintendent's Tier III hearing, finding the petitioner guilty of assault (three counts), unhygienic acts (three counts), and threats of violence and harassment, and imposing a penalty, and to expunge the charges from the petitioner's institutional record, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Wood, J.), entered June 17, 1988, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner's contention that his hearing was held in violation of the seven-day rule set forth in 7 NYCRR 251-5.1 (a) is without merit. The regulation in question provides, in

pertinent part, that a hearing be commenced within seven days of "the inmate's initial confinement pending said * * * hearing" (7 NYCRR 251-5.1 [a]). Therefore, as the Third Department has held, where the inmate is already in restrictive confinement due to other unrelated disciplinary proceedings, his confinement is not due to the pending disciplinary charges. Accordingly, the seven-day rule is inapplicable (see, Matter of Young v Coughlin, 144 AD2d 753; Matter of Taylor v Coughlin, 143 AD2d 493, 494; Matter of La Boy v LeFevre, 136 AD2d 815, 816; Matter of Diaz v Coughlin, 134 AD2d 668, 669; cf., Matter of Giano v Sullivan, Sup Ct, Westchester County, Apr. 21, 1987, Cerrato, J.).

Contrary to the petitioner's further contention, the hearing was completed within the time specified in an authorized extension, as permitted by 7 NYCRR 251-5.1 (b). Since the 14th day following the writing of the earliest misbehavior reports was a Sunday, and the 15th day was a public holiday, the request for an extension on the 16th day was timely (see, General Construction Law §§ 24, 25-a; Matter of Dziedzic v Kelly, 143 AD2d 537; cf., Matter of Brito v Sullivan, 141 AD2d 819). Further, the transcript of the hearing minutes does indicate the reason for the delay, as required by 7 NYCRR 251-5.1 (b). Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.