■ In the Matter of ELLIOT AGOSTO, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of Correctional Services, et al., Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

In August 1988, a misbehavior report was filed against petitioner, an inmate at Eastern Correctional Facility in Ulster County, charging him with the violation of institutional rules 100.10 (assault) and 113.10 (possession of a weapon). These charges basically allege that petitioner slashed another inmate with a razor blade while they were watching a movie being shown in the prison auditorium. At petitioner's Tier III Superintendent's hearing, three inmate witnesses testified on petitioner's behalf and a tape of the victim's testimony was played in petitioner's presence. Thereafter, petitioner was found guilty of the assault charge only and punishment was imposed. This determination was affirmed upon administrative review and petitioner commenced this CPLR article 78 proceeding, which was transferred to this court.

Initially, petitioner claims that the challenged determination was unsupported by substantial evidence. We disagree. The Hearing Officer based his decision upon, among other things, the victim's specific testimony identifying petitioner as the assailant. This court has repeatedly held that a victim's testimony, by itself, provides ample support for the determination of guilt in a prison disciplinary proceeding (Matter of Perez v Coughlin, 145 AD2d 875; see, Matter of Vogelsang v Coombe, 105 AD2d 913, affd 66 NY2d 835). Petitioner also objects to the fact that the Hearing Officer questioned the victim outside his presence. However, since the Hearing Officer predetermined that having petitioner present during the testimony would be detrimental to institutional safety or correctional goals (7 NYCRR 254.5 [b]), this procedure was permissible. Petitioner was allowed to hear the tape recording of the victim's testimony (see, Matter of Graham v Scully, 113 AD2d 990, 991) and expressed himself as satisfied with the procedures employed.

Next, we reject petitioner's argument that certain remarks made by the Hearing Officer deprived him of a fair and impartial hearing. While it may have been inappropriate and irrelevant for the Hearing Officer to ask certain of petitioner's witnesses whether they were involved in "drug running",

these remarks were not indicative of a predetermination of petitioner's guilt. Remarks indicating a general opinion do not necessarily indicate bias *(see, Klein v O'Hagan,* 70 AD2d 514, 515 [dissenting mem], *revd on dissenting mem below* 51 NY2d 784). Absent evidence of real bias or actual prejudice in the record, the determination should not be disturbed *(see, Matter of Grant v Senkowski,* 146 AD2d 948, 950).

Finally, petitioner argues that because his disciplinary proceeding began more than seven days after his initial confinement, respondents have impermissibly failed to follow their own regulations providing that hearings should be held within seven days of the inmate's confinement *(see,* 7 NYCRR 251-5.1 [a]). The record shows, however, that due to the unavailability of petitioner's requested employee assistant, an extension was timely requested and granted *(see,* 7 NYCRR 251-5.1 [a]). Consequently, the hearing was commenced nine days after petitioner was confined and was completed three days after that. Since a delay resulting from an effort to secure an employee assistant is a legitimate excuse and petitioner was clearly not prejudiced as a result *(see, Matter of Bernacet v Coughlin,* 145 AD2d 802, *lv denied* 74 NY2d 603; *Matter of Hodges v Scully,* 141 AD2d 729), petitioner's timeliness argument lacks merit.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.