In the Matter of JAMES JOHNSON, Respondent, v CHARLES J. SCULLY, as Superintendent of Green Haven Correctional Facility, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Superintendent of the Green Haven Correctional Facility, dated June 7, 1988, which, after a hearing, found that the petitioner was guilty of violations of institutional rules of the Department of Correction and imposed penalties, the appeal is from a judgment of the Supreme Court, Dutchess County (Bernhard, J.), dated August 10, 1989, which annulled the determination.

Ordered that the judgment is affirmed, without costs or disbursements.

Pursuant to 7 NYCRR 251-5.1 (a), the appellants were required to commence the Superintendent's proceeding within seven days of the petitioner's incarceration in a special housing unit. As it is undisputed that the petitioner was continuously confined to a special housing unit from May 23, 1988, first at the Ossining Correctional Facility and then at the Green Haven Correctional Facility, and that a disciplinary hearing was not commenced until May 31, 1988, the determination must be annulled and all references to the Superintendent's proceeding in the petitioner's institutional record must be expunged *(see, Matter of Hawkins v Scully,* 146 AD2d 627; *Matter of Brito v Sullivan,* 141 AD2d 819; *Matter of Coley v Sullivan,* 126 AD2d 641; *People ex rel. De Fulmer v Scully,* 110 AD2d 671; *Matter of Lozada v Scully,* 108 AD2d 859).

We reject the appellants' argument that the petitioner knowingly waived his right to object to the timeliness of the proceeding (see, Matter of Garcia v LeFevre, 64 NY2d 1001). In this regard, we note that he immediately raised the issue of timeliness in his administrative appeal. Sullivan, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.