■ In the Matter of NACHE AFRIKA, Appellant, v ERNEST EDWARDS, as First Deputy Superintendent of Sullivan Correctional Facility, et al., Respondents.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Williams, J.), entered August 17, 1989 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review respondents' determination finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate of the Department of Correctional Services, was charged in two separate misbehavior reports with making an obscene gesture, using abusive language and making threats. At the Tier II disciplinary hearing which followed, petitioner pleaded not guilty to all charges. Two correction officers testified that they heard petitioner make the statements recited in the misbehavior report and the prison nurse described the allegedly obscene gesture petitioner directed at her. Petitioner was found not guilty of the obscene gesture charge but guilty of the abusive and threatening language charges. Thirty days in keeplock with a corresponding loss of various privileges was the penalty imposed. The disposition was administratively affirmed. Thereafter, petitioner initiated the instant CPLR article 78 proceeding challenging the determination as untimely and biased. Supreme Court dismissed the petition; we affirm.

The disciplinary hearing was to be completed within 14 days of the writing of the misbehavior reports unless otherwise authorized by the Commissioner of Correctional Services or his designee (7 NYCRR 251-5.1 [b]). In calculating the 14-day period, the day the report is written is excluded *(see,* General Construction Law § 20; *see also, People v Stiles,* 70 NY2d 765, 767). As the misbehavior reports were written on February 10, 1989 and petitioner's hearing concluded on February 24, 1989, the hearing was timely completed. Furthermore, a one-day extension was sought and duly authorized on February 23, 1989, the day before the hearing was concluded *(see, Matter of Agosto v Coughlin,* 153 AD2d 1008, 1009; *cf., Matter of Wysinger v Scully,* 150 AD2d 468, 469).

Regarding petitioner's assertion that bias tainted the proceedings, Supreme Court should have transferred that issue to this court *(see,* CPLR 7804 [g]; *Segrue v City of Schenectady,* 132 AD2d 270, 273). We may, however, treat the question as if it had been properly transferred initially *(see, Segrue v City of Schenectady, supra,* at 274; *Matter of Quinn v Werner,* 96 AD2d 1079, 1081, *appeal dismissed* 61 NY2d 868). Thus, while a reading of the hearing transcript discloses several acerbic

exchanges between petitioner and the Hearing Officer, they fall far short of supporting petitioner's bias claim *(see, Matter of Agosto v Coughlin, supra,* at 1009; *Matter of Grant v Senkowski,* 146 AD2d 948, 950).

Judgment affirmed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.