*Matter of Nancy Kay B. v Dennis G.* ([appeal No. 1] 207 AD2d 972 [decided herewith]). (Appeal from Order of Erie County Family Court, Mix, J.—Paternity.) Present—Balio, J. P., Lawton, Wesley, Doerr and Boehm, JJ.

■ In the Matter of NANCY KAY B., Respondent, v DENNIS G., Appellant. (Appeal No. 3.) [617 NYS2d 666] —Appeal unanimously dismissed without costs. Same Memorandum as in *Matter of Nancy Kay B. v Dennis G.* ([appeal No. 1] 207 AD2d 972 [decided herewith]). (Appeal from Order of Erie County Family Court, Considine, H.E.—Child Support.) Present—Balio, J. P., Lawton, Wesley, Doerr and Boehm, JJ.

■ In the Matter of DEBORAH FINK, Appellant, v AVON CENTRAL SCHOOL DISTRICT, Respondent. [617 NYS2d 672] —Judgment unanimously affirmed without costs. Memorandum: The position of school psychologist is not included within the meaning of the term "teacher" as used in Education Law § 3014-b *(see, Matter of Anderson v Cortland City School Dist.,* 147 Misc 2d 7, *affd* 171 AD2d 1017). (Appeal from Judgment of Supreme Court, Livingston County, Cicoria, J.—Article 78.) Present—Balio, J. P., Lawton, Wesley, Doerr and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH E. WIGFALL, Appellant. [617 NYS2d 672] —Judgment unanimously affirmed. Memorandum: The circumstantial evidence, viewed in the light most favorable to the People *(see, People v Kennedy,* 47 NY2d 196, 203), is sufficient to support defendant's conviction of attempted arson in the first degree (Penal Law §§ 110.00, 150.20). We further conclude that the sentence is neither harsh nor excessive. Finally, defendant's remaining contentions are unpreserved for review *(see,* CPL 470.05 [2]), and we decline to review them as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Attempted Arson, 1st Degree.) Present—Denman, P. J., Green, Balio, Doerr and Boehm, JJ.