[632 NYS2d 366]

In the Matter of JOHN PERSING, Respondent, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, Appellant.

Fourth Department, September 29, 1995

## APPEARANCES OF COUNSEL

*Michael A. Battle,* Buffalo *(Mary Jo Young* of counsel), for appellant.

*Norman P. Effman,* Attica *(Jerry Ader* of counsel), for respondent.

## OPINION OF THE COURT

BOEHM, J.

In annulling respondent's determination that petitioner

violated Inmate Rule 104.12 (7 NYCRR 270.2 [B] [5] [iii]), Supreme Court held that petitioner's disciplinary hearing was not timely commenced as required under 7 NYCRR 251-5.1 (a).

7 NYCRR 251-5.1 (a) provides that, if an inmate is confined pending a disciplinary or superintendent's hearing, "the hearing must be commenced as soon as is reasonably practicable following the inmate's initial confinement * * * but, in no event may it be commenced beyond seven days of said confinement without authorization of the commissioner or his designee." The incident that led to the disciplinary hearing occurred on February 5, 1993. That same day petitioner was transferred from Marcy Correctional Facility to Auburn Correctional Facility. Thereafter, it was decided that he be transferred again, this time to Attica Correctional Facility. On February 10, 1993, the Commissioner's office approved a hearing extension, which required that the disciplinary hearing be commenced within four days of petitioner's arrival at Attica.

Petitioner arrived at Attica on February 12, 1993, and a second request for an extension was made on February 16, 1993. On the extension request a notation was made that the hearing should have begun on February 15, 1993, but more time was needed. The extension request was granted "due to inmate's transfer." This extension required that the hearing commence by February 18, 1993, and be completed by February 22, 1993; the disciplinary hearing commenced on February 18, 1993. At the hearing, petitioner pleaded not guilty but did not controvert the underlying facts; instead, he argued that the hearing was untimely. After a finding of guilt and an administrative review, petitioner commenced this CPLR article 78 proceeding.

■ Because petitioner was placed in special confinement on February 5, 1993 as a result of the underlying incident, a disciplinary hearing could not be commenced beyond seven days of the confinement without authorization of the Commissioner of Correction or his designee. Although an extension was properly granted to allow the hearing to commence beyond the seven-day period, the court held that, pursuant to respondent's own calculations, the subsequent extension on February 16, 1993, had been granted after the first extension had expired on February 15, 1993. The first extension required that the disciplinary hearing be commenced within four days of petitioner's arrival at Attica on February 12, 1993, that is, by February 15, 1993. February 15, 1993, however, was Presidents' Day, a public holiday, and it is, therefore, excluded

under General Construction Law § 25-a from the designated time.

General Construction Law § 25-a (1) provides, in part: "When any period of time, computed from a certain day, within which or after which or before which an act is authorized or required to be done, ends on a Saturday, Sunday or a public holiday, such act may be done on the next succeeding business day." The reckoning provisions of the General Construction Law are applicable to determinations of timeliness made under the Correction Law *(see, Matter of Shamsid-Deen v Selsky,* 195 AD2d 1084; *Matter of Afrika v Edwards,* 160 AD2d 1212; *Matter of Maldonado v Coughlin,* 150 AD2d 692, 693; *Matter of Dziedzic v Kelly,* 143 AD2d 537). Thus, even if the first day of petitioner's confinement may be properly counted in determining when the first extension expired, which respondent argues should not be the case under General Construction Law § 20, that extension would not expire until February 16, 1993, the day after Presidents' Day, when the second extension request was made. Petitioner's contention that the General Construction Law does not apply to 7 NYCRR 251-5.1 (a) is without merit *(see, Matter of Dziedzic v Kelly, supra).*

The court improperly relied on the notation made by respondent on the request for the second extension hearing that the "extension hearing should have been started 2/15/93." Petitioner contends that, because the notation on the request is neither irrational nor unreasonable, such interpretation by respondent of its own regulation should be given deference, citing *Matter of Johnson v Joy* (48 NY2d 689) and *Matter of Blake v Mann* (145 AD2d 699, *affd* 75 NY2d 742). Those cases, however, deal with the Commissioner's construction of an ambiguous word or phrase in a regulation, whereas the regulation here is not ambiguous and should be interpreted in accordance with accepted and generally applied legal principles, including the provisions of the General Construction Law.

■ Petitioner's further contention that respondent failed to raise General Construction Law § 25-a (1) before the court and, therefore, may not raise it on appeal is without merit. In its answer, respondent asserts that it obtained a proper extension of time in which to commence the hearing, and that it followed the appropriate procedure in obtaining the extension, thereby generally raising the issue of timeliness. Further, to the extent that respondent should have raised the specific

applicability of the General Construction Law, that argument may be raised for the first time on appeal because "appellant suggests no factual showing or legal counterstep that might have been made if the argument had been tendered below" *(People ex rel. Roides v Smith,* 67 NY2d 899, 901).

■ There is no proof in the record that February 15, 1993 was a public holiday, but respondent has attached that information in the appendix to its brief. Although the information is dehors the record *(see, Carhuff v Barnett's Bake Shop,* 54 AD2d 969; *Mulligan v Lackey,* 33 AD2d 991), "[j]udicial notice will be taken that a particular date falls on a particular day of the week" (Richardson, Evidence § 39 [Prince 10th ed]). Further, "an appellate court may, in its discretion, take judicial notice for the first time on appeal of a fact which was not brought to the attention of the trial court, and may do so even for the purpose of reversing the judgment" *(id.,* § 14, citing *Hunter v New York, Ontario & W. R. R. Co.,* 116 NY 615).

Accordingly, the judgment of Supreme Court should be reversed and the petition dismissed.

GREEN, J. P., LAWTON, CALLAHAN and BALIO, JJ., concur.

Judgment unanimously reversed, on the law, without costs, and petition dismissed.