■ In the Matter of the BOARD OF EDUCATION OF THE NORTH TONAWANDA CITY SCHOOL DISTRICT, Respondent, v RICHARD P. MILLS, as Commissioner of Education of the State of New York, et al., Appellants. [693 NYS2d 271] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered June 11, 1998 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Acting Commissioner of Education with respect to the calculation of salaries and sick leave accumulations.

Commencing with the 1996-1997 school year, petitioner elected to provide counseling and social work services to its special education students using employees of the North Tonawanda City School District (hereinafter the District). The services were previously provided through a contract with the Orleans-Niagara Board of Cooperative Educational Services (hereinafter BOCES). Respondents Patricia Adler, Eileen Crowley, Arthur Jaspe, Pamela Kaminska, Gerald Moote, Jacqueline Rose and Ann Rudin are certified school social workers and respondent Joyce Herbeck is a school counselor (hereinafter collectively referred to as the employee respondents) who were formerly employed by BOCES. Following petitioner's assumption of the counseling program, they were hired to perform the same services they performed at BOCES.

While at BOCES, the employee respondents' salaries reflected both their service and experience prior to joining BOCES and their actual years of service at BOCES. When hired by petitioner, they were not accorded credit for pre-BOCES service and experience nor were they permitted to carry over unused sick leave. The employee respondents brought a petition before respondent Department of Education seeking to compel the District to provide them with proper prior service and sick leave credits pursuant to Education Law § 3014-b (3). After the District served its answer, respondent Acting Commissioner of Education (hereinafter the Acting Commissioner) ruled that the employee respondents had been improperly denied credit for pre-BOCES service and experience as well as unused sick leave and ordered the District to permit them to retain the same salary step and unused sick leave credits they had at BOCES. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging that decision. Petitioner claimed, *inter alia*, that the employee respondents are not teachers and, therefore, not entitled to the rights afforded by Education Law § 3014-b. Supreme Court agreed and annulled the decision resulting in this appeal by the employee respondents and various State respondents* (hereinafter collectively referred to as respondents).

Initially, respondents contend that because petitioner failed to specifically raise the argument that the employee respondents were not teachers within the meaning of Education Law § 3014-b before the Acting Commissioner, Supreme Court erred in considering the argument. We disagree. We note that although the District did not allege the inapplicability of Education Law § 3014-b as an affirmative defense in its answer before the Acting Commissioner, it denied most of the allegations of the petition, including the employee respondents' assertion that "the District is required by Education Law § 3014-b (3) to credit [them] with all of the service that had been credited to them by BOCES in the determination of their salaries". In our view, this sufficiently put the applicability of Education Law § 3014-b at issue before the Acting Commissioner.

In any event, even if we concluded otherwise, we would find that petitioner was not precluded from raising the issue in proceedings before Supreme Court. The issue in controversy is a purely legal question involving the applicability of Education Law § 3014-b to positions occupied by the employee respondents. Respondents have "suggest[ed] no factual showing or

* The State respondents include the Acting Commissioner of Education, the Commissioner of Education and the Department of Education.

legal counterstep that might have been made if the argument had been tendered [before the Acting Commissioner]" (*People ex rel. Roides v Smith*, 67 NY2d 899, 901; *see, Matter of Persing v Coughlin*, 214 AD2d 145, 148-149). Moreover, inasmuch as the matter is one of pure statutory construction requiring no special administrative expertise, the court is well equipped to resolve it (*see, Matter of Gruber v New York City Dept. of Personnel*, 89 NY2d 225, 231-232). Consequently, we find no error in Supreme Court's consideration of the applicability of Education Law § 3014-b to the facts before it. We note that the cases relied upon by respondents are factually distinguishable from the instant case inasmuch as no administrative hearing was conducted before the Acting Commissioner (*compare, Matter of Shelton v Wing*, 256 AD2d 1143; *Matter of Colella v New York State Dept. of Envtl. Conservation*, 196 AD2d 162) nor was there a procedure in place for taking an administrative appeal of the Acting Commissioner's decision (*compare, Matter of Chua v Chassin*, 215 AD2d 953, *lv denied* 86 NY2d 708).

Turning to the merits, we agree with Supreme Court's decision to annul the Acting Commissioner's determination on the ground that Education Law § 3014-b is inapplicable to the positions held by the employee respondents. Education Law § 3014-b sets forth the rights of teachers where a school district has taken over a program formerly operated by a board of cooperative educational services. Prior to its recent amendment (*see*, L 1998, ch 511, § 1 [eff July 1, 1999]), the statute provided, in pertinent part, that "[f]or any such *teacher* as set forth in subdivision one of this section for salary, sick leave and any other purposes, the length of service credited in such board of cooperative educational services shall be credited as employment time with such school district" (Education Law former § 3014-b [3] [emphasis supplied]).

While no definition of "teacher" is contained in article 61 where Education Law § 3014-b is found, this section does not, in our view, encompass the positions of school social workers and counselors. Initially, we note that varying definitions of the term are contained in different sections of the Education Law (*compare*, Education Law § 501 [4], *with* Education Law § 3101 [1]), indicating that it does not have the same meaning in all contexts. In addition, the Legislature's recent amendment of Education Law § 3014-b to include "teaching assistants and teachers aides" reveals that the term "teacher" has a very narrow meaning as used in the section at issue. Furthermore, the Fourth Department's holding in *Matter of Fink v Avon Cent. School Dist.* (207 AD2d 973, *lv denied* 85 NY2d 804), that

the position of school psychologist does not fall within the scope of the term "teacher" as used in Education Law § 3014-b supports the view that the similar positions of school social worker and counselor are also not included. Under the circumstances, we are constrained to conclude that Education Law § 3014-b is inapplicable to the positions held by the employee respondents. We have considered respondents' remaining contentions and find them to be without merit.

Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, with costs.