OPINION OF THE COURT
Robert G. Hurlbutt, J.
Petitioners in this CPLR article 78 proceeding were em *8 ployed by Onondaga-Cortland-Madison Board of Cooperative Educational Services (hereinafter OCM BOCES) as certified teaching assistants. Respondent school districts contracted with OCM BOCES to provide special education programs. In the spring of 1989, each of the three respondent school districts discontinued their contracts with OCM BOCES and undertook to provide their own special educational programs for the 1989-1990 school year. As a result of the takeover of these programs by the respondent school districts, OCM BOCES abolished 40 teaching assistant positions. Petitioners were among the teaching assistants who lost their positions.
In reliance upon Education Law § 3014-b, petitioners contend that they are entitled to be offered employment with the respondent school districts in any positions similar to those they held with OCM BOCES as teaching assistants in noncategorical special education classes or, at the least, to be placed on a preferred eligible list for employment to be maintained by the school districts. Education Law § 3014-b provides, in part, as follows:
"1. In any case in which a school district duly takes over the operation of a program formerly provided by a board of cooperative educational services, each teacher employed in such a program by such a board of cooperative educational services at the time of such takeover by the school district shall be considered an employee of such school district, with the same tenure status he maintained in such board of cooperative educational services.
”2. If the number of teaching positions needed to provide the services required by such program by the school district is less than the number of teachers eligible to be considered employees of such school district as provided by subdivision one of this section, the services of the teachers having the least seniority in the board of cooperative educational services whose programs are taken over by the school district within the tenure area of the position shall be discontinued. Such teachers shall be placed on a preferred eligible list of candidates for appointment to a vacancy that may thereafter occur in an office or position * * * similar to the one such teacher filled in such board of cooperative educational services.”
The petition relies upon the assumption that Education Law § 3014-b governs these petitioners, and all rights asserted against the respondents are asserted under the authority of that statute. Without determining the various other issues *9 raised on the respondents’ respective motions to dismiss, I find that the petition must be dismissed, as a matter of law, on the basis that there is no authority for extending the statutory protections afforded to teachers in Education Law § 3014-b to these petitioners, who are teaching assistants and not teachers.
Education Law § 3001 governs the qualifications required of teachers, which are dramatically different from those required of teaching assistants. A teacher must hold a teacher’s certificate, or a diploma on completion of a course at a State teacher’s college. A teacher’s certificate is subject to the regulations set forth at 8 NYCRR 80.16, which require a candidate to have completed a four-year college program culminating in a Baccalaureate degree, including 12 hours in the study of education and a college-supervised student teaching experience. Certain minimum semester hours in the academic concentration for which the certificate is to be issued are dictated. In contrast, a teaching assistant may acquire a temporary license good for two years with a high school diploma alone. Thereafter, a teaching assistant must acquire a continuing certificate for which the code requires "six semester hours of appropriate collegiate study”. (8 NYCRR 80.33 [b] [3] [ii] [a].) The two also differ dramatically in their respective duties. Teachers instruct, develop curriculum, and prepare lesson plans, among other duties (see, Matter of Smith v Board of Educ., 97 AD2d 795, 796), while teaching assistants may only assist in classroom instruction and the development of instructional materials. (8 NYCRR 80.33 [b].) Education Law § 3014-b, quoted hereinabove, is entitled "[tjeachers’ rights as a result of a school district taking over a program formerly operated by a board of cooperative educational services”. The statute applies to "teachers” and "teaching positions”. The section is found in article 61 of the Education Law, which governs teachers, their qualifications, rights, salaries, tenure, etc. The single instance where teaching assistants are specifically mentioned in article 61 is in section 3009, which prohibits employment of unqualified persons as teachers. Section 3009 (2) (b) provides that "the school authorities of any school district shall have the power, in their discretion, to employ persons as teaching assistants. Such persons, if so employed, shall be authorized to act only under the general supervision of a licensed or certified teacher.” The same statute, at subdivision (2) (a) thereof, provides that the school authorities shall have the power to employ teacher aides "who shall assist the *10 regular teacher or teachers of the district in the performance of their teaching functions by performing those nonteaching duties otherwise performed by such regular teacher or teachers.” Clearly, the treatment of "teachers”, "teacher aides” and "teaching assistants” in section 3009 of the Education Law indicates legislative intent to distinguish among the three designations and militates strongly against any statutory construction which includes "teaching assistant” within the meaning of "teacher” as used in the remainder of article 61, including section 3014-b. I find no indication in article 61 of a legislative intent to extend to teaching assistants the protections afforded teachers under Education Law § 3014-b, and petitioners point to no construction or law which suggests such an intent.
The cases examining Education Law § 3014-b do not contain any construction of the statute extending its benefits to teaching assistants. The cases cited by petitioners, and those examined by the court in its own search, all involve certified teachers. It is repeatedly held that the primary purpose of section 3014-b, like that of other sections of article 61, "is to protect [the] tenure rights of teachers.” (Matter of Buenzow v Lewiston-Porter Cent. School Dist., 101 AD2d 30, 33, affd 64 NY2d 676.) However, there are no cases extending the reach of Education Law § 3014-b beyond teachers certified under Education Law article 61, and thus, there exists no precedent for petitioners’ claim to the benefits of section 3014-b. It is true that teaching assistants have their own tenure area with full tenure rights expressly afforded by statute, and that they are included by the Commissioner of Education within the meaning of "professional educator” as that term is used in the regulations at 8 NYCRR 30.1 (e). Indeed, the code at 8 NYCRR 30.8 (d) provides that "[a] professional educator employed by a board of education or board of cooperative educational services as a teaching assistant pursuant to the provisions of Education Law section 3009, subdivision 3 shall be deemed to serve in the special subject tenure area of teaching assistant.” However, petitioners point to nothing which would dictate that the word "teacher” as used by the Legislature in article 61 of the Education Law and the words "professional educator” as used by the Commissioner in the code are to be treated as equivalents.
The fact that teaching assistants are included within the definition of "professional educators”, as are teachers, and that they have tenure rights, as do teachers, is insufficient to *11 create an identity between the two positions. The educational and certification requirements for the respective titles are markedly different. Where the Education Law and the regulations intend to address teaching assistants, they are addressed as such, and there is no indication of a statutory scheme to include them within the definition of "teacher”. In the definitions section of the Commissioner’s regulations at 8 NYCRR 80.1 (ff), "teacher” is defined as "the holder of a valid teacher’s certificate issued by the Commissioner of Education.” The teaching assistant is described in section 80.33, entitled "Supplementary school personnel”, as one who assists teachers by performing certain duties under the general supervision of a licensed or certified teacher.
Petitioners rely upon a letter dated April 4, 1989 from the counsel and Deputy Commissioner for Legal Affairs, State Education Department, wherein it is suggested, without being expressly stated, that Education Law § 3014-b applies to teaching assistants. The letter offers neither authority nor support for the inclusion of teaching assistants within the meaning of "teachers” in Education Law § 3014-b, and counsel’s opinion is not controlling on the issues presented herein. It is no more appropriate for coünsel to the State Education Department to circumvent the legislative process under the guise of interpretation than it is for the court to do so. (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 73.) The function of the court is to interpret and enforce the law, not to rewrite it to include an assumed omission or a supposed error (ibid.). Statutory construction is a matter of ascertaining legislative intent (id, at § 92), and it is a canon of statutory construction that the failure of the Legislature to include a matter within the scope of the statute may be construed as an indication that its exclusion was intended (id, at § 74). In the instant case, the court must conclude that, if the Legislature intended for Education Law § 3014-b to include teaching assistants such that its protections would be extended to them, it would have so indicated by express language.
As it is the conclusion of this court that Education Law § 3014-b is not available to these petitioners as a matter of law because they are teaching assistants and not teachers, the petition, which rests solely upon entitlements allegedly conferred by that statute, must be dismissed in its entirety.
[Portions of opinion omitted for purposes of publication.]