OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the petition dismissed.
On this appeal, we consider whether the determination of respondent Board of Education to terminate petitioner as Director of Human Resources based on seniority was arbitrary.
*932 Petitioner was appointed, pursuant to the Civil Service Law, to the position of Director of Civil Service Personnel on August 8, 1983. On September 1, 1984, the State Education Department notified her that she was eligible for a provisional certificate in the area of School Administrator/Supervisor and, exactly two years later, the Department permanently certified her in that area.
More than three years later, on October 6, 1987, petitioner officially requested reclassification of her position from Director of Civil Service Personnel to a certificated position pursuant to the Education Law. On February 6, 1989, respondent Board of Education reclassified petitioner to the certificated position of Director of Civil Service Personnel, Personnel Services. In a letter dated February 15, 1989, respondent notified petitioner of her reclassification, with a seniority date of February 6, 1989, and informed her that as of that date, a new three-year probationary period began and that she would be granted tenure only upon the satisfactory completion of that probationary period. Petitioner signed and returned the letter, as directed, but noted her "objection to seniority date.”
On January 24, 1992, citing fiscal constraints, respondent notified petitioner that it had eliminated one Director of Human Resources position and that pursuant to Education Law § 2585 (3),* her position, the least senior within the tenure area, would be terminated effective February 1, 1992. Petitioner commenced this action challenging her termination, alleging that respondent violated Education Law § 2585 (3) by miscalculating her seniority date, and that a proper calculation would have placed her in the position of having the second most seniority in her tenure area.
Supreme Court granted the petition to the extent of setting petitioner’s seniority date at October 6, 1987, the date of her initial application for reclassification. The court found that it was arbitrary and capricious for respondent to set her seniority date beyond that date, regardless of any subsequent change in title and pay, since petitioner had already been certified as a School Administrator/Supervisor and had worked in the Department at a director level for over five years. The Appellate Division affirmed, and this Court granted leave to appeal.
*933 Respondent argues that under Education Law § 2585 (3) petitioner’s seniority is properly measured from the date of petitioner’s formal appointment to a certificated position on February 6, 1989. Petitioner counters that the courts below properly measured her seniority from October 6, 1987.
The Rules of the Board of Regents define the term "seniority” as "length of service in a designated tenure area, rather than length of service in the district” (8 NYCRR 30.1 [ip). Because petitioner was first appointed to the certified administration position under the Education Law on February 6, 1989, her seniority under Education Law § 2585 (3) must be measured from that date, and respondent’s action in so doing was not arbitrary or capricious. We are not persuaded by petitioner’s contention that the courts below properly calculated her seniority date because previously she performed the same duties in her appointment under the Civil Service Law.
No case law or statute supports petitioner’s claim that her seniority in her Civil Service statutory appointment is transferable to her seniority in her certificated position under the Education Law. We conclude that petitioner may not properly credit the time she accrued in her Civil Service appointment toward her service in her certificated administrative position under the Education Law.
Matter of Crandall (20 Ed Dept Rep 16) is distinguishable from the present case. In that case, the petitioners, tenured elementary school teachers in the Burnt Hills-Ballston Lake Central School District, who had each received an appointment as a regular substitute teacher and each had been continuously employed as a regular substitute teacher until given the probationary appointment, challenged the discontinuance of their services, pursuant to Education Law § 2510 (2). Reasoning that service of a regular substitute is equivalent to service rendered pursuant to a probationary appointment, the Commissioner stated, "Seniority credit recognizes continuous full-time service rendered to a school district * * * [and] it is reasonable to assume that teachers will be retained according to their length of continuous service, whether such service was all rendered subsequent to a probationary appointment or was rendered partly before and partly after such an appointment” (id., at 19). Here, petitioner was not appointed to a substitute position under the Education Law prior to her probationary period. Rather, she was appointed to a position under the Civil Service Law. It cannot be said that her service *934 prior to her probationary appointment was continuous with her service under the Education Law after the appointment.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
Order reversed, etc.

 Education Law § 2585 (3) provides, "Whenever a board of education abolishes a position under this chapter, the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued.”