[629 NYS2d 117]

In the Matter of the BOARD OF EDUCATION OF THE BEACON CITY SCHOOL DISTRICT, Appellant, v ROSE STORY et al., Respondents.

Third Department, July 6, 1995

### APPEARANCES OF COUNSEL

*Shaw & Silveira,* Highland *(David S. Shaw* of counsel), for appellant.

*Janet Axelrod,* Albany *(Paul Clayton* of counsel), for Rose Story and others, respondents.

*Kathy A. Ahearn,* Albany *(Richard J. Trautwein* of counsel), for Thomas Sobol and another, respondents.

### OPINION OF THE COURT

CREW III, J.

Beginning in 1986, the Legislature established and appropriated funds for the excellence in teaching (hereinafter EIT) program to supplement the salaries of teachers employed by local school districts *(see,* Education Law § 3601-a [27] [a] [1]).[1] Under this program, eligible school districts initially must "set aside" a portion of the aid to increase the salaries of first-, second- and third-year teachers whose salaries fall below certain State-wide median salary figures *(see,* Education Law § 3601-a [27] [a] [1]; [c]), with the remaining funds to be used to "improve salaries for teachers of the district in general" (Education Law § 3601-a [27] [a] [1]). EIT moneys are to be distributed to "eligible teachers"—a phrase not defined in the statute—through negotiations between the individual school districts and the designated collective bargaining agents for each district *(see, ibid.).* In addition to the foregoing, the statute directs respondent Commissioner of Education to adopt regulations to implement the EIT program, subject to the approval of the Director of Budget *(see,* Education Law § 3601-a [27] [f]). To that end, the Commissioner promulgated 8 NYCRR 175.35, which, insofar as is relevant to this appeal,

1. The statute, originally enacted by Laws of 1986 (ch 53, § 49) as Education Law § 3602 (27), later was redesignated as Education Law § 3601-a (27) by Laws of 1993 (ch 57, § 376). As the funds at issue on this appeal refer to the EIT allocation for the 1989-1990 school year which, in turn, is covered by the opening paragraph of Education Law § 3601-a, all references will be to the current version of the statute.

EIT funds also are available to teachers employed by boards of cooperative educational services (BOCES) and a parallel statute was enacted for this purpose *(see,* Education Law § 1950 [15], as added by L 1986, ch 53, § 20).

includes teaching assistants in the class of individuals eligible to receive EIT funds *(see,* 8 NYCRR 175.35 [e] [1] [i] [k]).

In 1989, petitioner entered into negotiations with respondents Beacon Teachers Association and Beacon Classroom Support Staff Association (now the Beacon Teaching Assistants Association [hereinafter the Association]) regarding the distribution of the EIT apportionment for the 1989-1990 school year. Petitioner, apparently taking the position that teaching assistants were not entitled to EIT funds, reserved only minimal funds for such positions, and respondent Rose Story, on behalf of the Association, appealed to the Commissioner. The Commissioner sustained the appeal, finding that teaching assistants indeed were eligible to receive a distribution of EIT funds. Petitioner thereafter commenced this CPLR article 78 proceeding seeking, *inter alia,* to annul the Commissioner's determination. Supreme Court upheld the Commissioner's determination, and this appeal by petitioner followed.

We affirm. Initially, we reject petitioner's contention that the Commissioner and respondent Board of Regents exceeded the scope of their authority by adopting a regulation which includes teaching assistants among those individuals eligible to receive EIT funds. It is well settled that "[a]gencies, as creatures of the Legislature, act pursuant to specific grants of authority conferred by their creator" *(Matter of Campagna v Shaffer,* 73 NY2d 237, 242). Thus, an agency cannot promulgate regulations in contravention of the Legislature or, stated another way, cannot accomplish by regulation that which the enabling legislation would not itself permit *(see, supra; see also, Finger Lakes Racing Assn. v New York State Racing & Wagering Bd.,* 45 NY2d 471, 480). It is equally well settled, however, that "the Legislature may fix a primary standard and then endow agencies with the power 'to fill in the interstices in the legislative product by prescribing rules and regulations consistent with the enabling legislation' " *(Matter of Rainbow Beach Assn. v New York State Dept. of Health,* 187 AD2d 891, 892, quoting *Matter of Nicholas v Kahn,* 47 NY2d 24, 31).

Here, the Commissioner was vested with express authority to adopt regulations implementing the EIT program, subject to the approval of the Director of Budget *(see,* Education Law § 3601-a [27] [f]), and the Court of Appeals has recognized that his "authority to adopt regulations implementing and fairly executing the EIT program in a manner consistent with the statute's stated purpose is broad" indeed *(Schneider v Sobol,*

76 NY2d 309, 316).[2] In this regard, it certainly appears that promulgating a regulation defining the class of individuals eligible for EIT funds as "teachers of the district in general" (Education Law § 3601-a [27] [a] [1]) is well within the scope of the Commissioner's authority (see, *Schneider v Ambach,* 135 AD2d 284, 287). Although petitioner contends that the phrase "teachers of the district in general" never was intended to include teaching assistants, both the statute and the accompanying legislative history fall short of conclusively demonstrating this point; the legislative history, the relevant portions of which are contained in the record on appeal, is ambiguous, and even a cursory review of the statute and the corresponding regulations reveal that there is no single definition of "teacher" as that term is used in the Education Law. Accordingly, we conclude that the challenged regulation was a valid exercise of delegated authority.

We are similarly persuaded that the regulation itself has a rational basis and, therefore, must be upheld. Although petitioner attempts to highlight the educational differences between teachers and teaching assistants, the statute and regulations reveal that the two are treated similarly for many purposes under the Education Law. For example, teaching assistants are required to hold a form of teaching certificate (see, 8 NYCRR 80.33 [b] [3]) and are eligible for tenure (see, Education Law § 2509 [1]; § 3012 [1] [a]; 8 NYCRR 30.1 [e]; 30.8 [d]), and the record indicates that teaching assistants are eligible for membership in the State Teachers' Retirement System. In light of the foregoing, we conclude that the petition was properly dismissed. Petitioner's remaining contentions have been examined and found to be lacking in merit.

MIKOLL, J. P., WHITE, YESAWICH JR. and PETERS, JJ., concur.

Ordered that the judgment is affirmed, without costs.

2. Similarly, Education Law § 207 provides the Board of Regents with the general authority to "establish rules for carrying into effect the laws and policies of the state, relating to education".