OPINION OF THE COURT
Robert F. Julian, J.
Relief Requested:
*816 This is a CPLR article 78 proceeding requesting a determination of whether or not a layoff of employees by the respondent Board of Cooperative Educational Services (BOCES) violates the rules and regulations of the New York State Education Department and thus, was arbitrary, capricious, and an abuse of discretion.
Holding:
The court invokes the doctrine of primary jurisdiction and refers certain issues to the Commissioner of Education to be decided within four months from filing. The court directs the parties to file the necessary petitions and answers to the Commissioner of Education within 10 days of the receipt of this decision and order. This proceeding is stayed for four months and 10 days pending a decision on issues by the Commissioner of Education.
All parties agree that the issues raised herein are of first impression.
The petitioners, teaching assistants for the respondent BOCES, claim to have been incorrectly subjected to layoff during a workforce reduction by the respondent effective for the 2001-2002 school year. The petitioners claim that pursuant to 8 NYCRR 30.8 (d) the position of teaching assistant is a special tenure category which requires all teaching assistants to be classified into the same BOCES-wide tenure area. Section 2510 (2) and section 3013 (2) of the Education Law each require a layoff process that would discontinue the employment of least senior persons “within the tenure of the position abolished.” The petitioners assert that teaching assistant is a special tenure area, and that persons less senior than they were retained in the layoff. Petitioners claim, therefore, that the layoff process was arbitrary, capricious, an abuse of discretion and violative of law. They seek reinstatement with back pay.
The respondent BOCES contends in its answer that layoffs were conducted consistently with the above-cited sections of the Education Law. The respondent claims that pursuant to the Education Law and regulations 8 NYCRR 30.8 (c) and 80-5.6 (b) (2) the tenure areas for teaching assistants are more refined and specific. The respondent further asserts that the teaching assistants retained during the reduction in force were within a number of specialized categories including but not limited to case manager, upward bound, English and cosmetology. According to the respondent, petitioners functioned within different areas of specialization than those who were not laid off. In respondent’s judgment the areas in which *817 petitioners worked required layoffs. The areas were: special education, career exploration, community based occupation counseling and pre-kindergarten care.
The respondent asserts as an affirmative defense that the doctrine of primary jurisdiction should be invoked by the court and the petition dismissed.
The Court of Appeals in Staatsburg Water Co. v Staatsburg Fire Dist. (72 NY2d 147 [1988]) described the doctrine of primary jurisdiction as follows (at 156):
“where a claim is originally cognizable by the courts, and comes into play whenever enforcement of the claim requires resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views.”
The Court of Appeals has embraced the doctrine of primary jurisdiction as a device to allow an administrative agency to be the primary policymaker or decisionmaker whenever it is indicated:
“The doctrine of primary jurisdiction is intended to coordinate the relationship between courts and administrative agencies to the end that divergence of opinion between them not render ineffective the statutes with which both are concerned, and to the extent that the matter before the court is within the agency’s specialized field, to make available to the court in reaching its judgment the agency’s views concerning not only the factual and technical issues involved but also the scope and meaning of the statute administered by the agency * * * Though the agency’s jurisdiction is not exclusive, the court postpones its action until it has received the agency’s views.” (Capital Tel. Co. v Pattersonville Tel. Co., 56 NY2d 11, 22.)
Summarized, the dispute in this matter is whether or not BOCES laid off the wrong people, thereby acting in a manner that is arbitrary, capricious and an abuse of discretion. For the reasons set forth below the court will invoke primary jurisdiction with regard to certain issues, but retains jurisdiction over the dispute. (2 Davis and Pierce, Administrative Law § 14.1, at 271 [3d ed].)
The State Education Department, and specifically the Commissioner of Education, is best suited to decide certain *818 underlying issues in this case based upon the extent of the Department’s expertise, the need for uniform state-wide resolution of the issue, and the potential that a judicial ruling could adversely affect state-wide layoff procedures. (Administrative Law at 272.) It is obvious from the pleadings and oral argument that this case not only involves an important issue regarding the professional lives of the litigants, but also raises a question that has state-wide significance regarding the tenure status of teaching assistants. Teaching assistants are in use in virtually every school district and BOCES in the state. The rules and regulations of the New York State Education Department accord teaching assistants the title and status of professional educator. (8 NYCRR 30.8.)
The issues that the court asks the State Education Department and the Commissioner of Education to decide are:
(1) Do the rules and regulations of the State Education Department, which create a special subject tenure area for teaching assistants, limit teaching assistants for the purpose of tenure and layoff to that category only?
(2) There are within the same rules and regulations special tenure areas for professional educators in subject areas such as agriculture, health occupations, home economics — occupational, occupational business education and distributive occupation, technical subjects and trade subjects. May a teaching assistant occupy a special tenure area in one of the above and also occupy the teaching assistant tenure area, similar to the dual tenure status of teachers?
(3) Do the petitioners occupy a dual tenure status based on their duties as teaching assistants and the duties and job description assigned to them by BOCES?
During oral argument the parties were advised by the court of its inclination to either dismiss this matter if the case could be brought before the Commissioner of Education by stipulation or retain jurisdiction and refer the case to the Commissioner to determine certain issues. The parties stipulated to waive any technical defenses or statute of limitations defenses they may have to accommodate such a decision.
The court has inquired both of counsel and independently with the State Education Department Counsel’s Office to determine whether or not significant delay will result from its determination that primary jurisdiction is applicable in this case. It appears that a proceeding before the Commissioner of Education can take well beyond six months and perhaps as *819 much as a year from inception to determination. That period of time is unacceptable; the litigants are entitled to a prompt decision in this matter. The simple fact is that a long uncertain delay in obtaining a decision is unfair to people who are laid off and/or have their job in jeopardy. The burden caused by an inordinate delay distinguishes this case from Donato v Board of Educ. (286 AD2d 388 [2d Dept 2001]). The court opts to retain jurisdiction of this case and refer the aforementioned issues to the State Education Department and the Commissioner of Education because of the potential for delay and because the ultimate dispute is properly a question to be decided by the court. Federal courts have held that a delay is a relevant consideration when determining whether or not to refer either an entire dispute and/or certain issues to an agency for a determination based upon primary jurisdiction. (Davis, supra, § 14.6, at 301-304; 2000 Supp, at 456-457.) Delay has not been a factor raised or apparently considered by prior New York courts that have invoked primary jurisdiction as a basis for dismissing a proceeding in favor of a determination by the Commissioner of Education.
The court will stay this matter for four months for the purpose of allowing the Commissioner of Education to resolve the above-stated issues. (Golden Hill Paugussett Tribe of Indians v Weicker, 39 F2d 51 [2d Cir 1994]; Wagner & Brown v ANR Pipeline Co., 837 F2d 199 [5th Cir 1988]; Coit Independence Joint Venture v Federal Sav. & Loan Ins. Corp., 489 US 561 [1989].) If the State Education Department and the Commissioner of Education cannot resolve the matter within this time period then the court would invite amicus briefs on this matter from the State, but would opt to proceed with a plenary hearing pursuant to article 78 of the CPLR. (Belknap, Inc. v Hale, 463 US 491 [1983].)
It is within the court’s discretion whether or not to dismiss or retain jurisdiction and refer specific issues. (Capital v Pattersonville, supra; Staatsburg Water Co. v Staatsburg Fire Dist., supra.) Retention of jurisdiction is appropriate in this case because once the issues set forth above are resolved, the issue of whether or not the layoffs were lawful or an abuse of discretion is properly before the courts. Unlike Matter of Hessney v Board of Educ. (228 AD2d 954 [3d Dept 1996]) where a laid-off teacher was seeking a rehiring based on whether or not she was properly qualified for a vacancy, the case at bar requires issue resolution by the Commissioner of Education before the court can determine whether or not the layoff was arbitrary *820 and capricious. In Hessney (supra) the petitioner was seeking to have the court determine her credentials for the purpose of hiring, which is a dispute properly within the sole province of the Commissioner and requiring special expertise. The case at bar requires the Commissioner of Education to clarify or interpret the State Education Department’s rules, and based upon that, the court will be able to decide the ultimate dispute herein.
Once the issues referred to the Commissioner are decided, the court will have a simple fapt pattern comparable to Matter of Baer v Nyquist (40 AD2d 925 [3d Dept 1972], affd 34 NY2d 291 [1974]) and Matter of Anderson v Cortland City School Dist. (171 AD2d 1017 [4th Dept], affg 147 Misc 2d 7 [Sup Ct, Onondaga County 1990]). In Baer v Nyquist (supra), the Court ruled against a retroactive rule modification by the Commissioner of Education, holding that rule-making should be prospective in deciding proper tenure areas for teachers. In Anderson v Cortland City School Dist. (supra), the Court interpreted Education Law § 3014-b as granting rights to teachers only and not teaching assistants.
Thus it is the court’s conclusion that primary jurisdiction is applicable and the State Education Department should decide the above-referenced issues in this case, providing that the Commissioner of Education can provide a timely determination as requested by the court. For that reason the court retains jurisdiction and directs the parties to proceed as set forth above.
Therefore, the court stays this proceeding subject to any stipulation between the parties and refers this matter by copy of this decision to the Commissioner of Education of the State of New York for a determination of the specified issues. The court directs both parties to immediately comply with all procedural and administrative requirements of the Commissioner so as to properly place this matter before the Commissioner within 10 days of this decision. If more time is required for this purpose, an application can be made by letter.
The court respectfully requests that a determination of said issues be rendered by the Commissioner of Education within four months and 10 days from the date of this decision and order and the court be so advised of said decision by the parties within 10 days of any decision herein with leave to apply to the court for more time if necessary for the purpose of filing.