■ In the Matter of MADISON-ONEIDA BOARD OF COOPERATIVE EDUCATIONAL SERVICES, Respondent, v RICHARD P. MILLS, as Commissioner of Education of the State of New York, et al., Appellants, et al., Respondents. [770 NYS2d 443]—

Rose, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered December 31, 2002 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Commissioner of Education finding, inter alia, that certain seniority protections were intended to apply to teaching assistants.

This matter evolved from an earlier CPLR article 78 proceeding brought by five tenured teaching assistants (hereinafter TAs) who, despite having more seniority than five other TAs, were laid off when petitioner eliminated their positions for the 2001-2002 school year. Supreme Court (Julian, J.) found that respondent Commissioner of Education, by virtue of his office and expertise, has "primary jurisdiction" over such disputes and stayed the proceeding pending an administrative determination (Kranson v Madison-Oneida Bd. of Coop. Educ. Servs., 189 Misc 2d 815 [2001]; see e.g. Matter of Hessney v Board of Educ. of Pub. Schools of Tarrytowns, 228 AD2d 954 [1996], lv denied 89 NY2d 801 [1996]).

The Commissioner, in turn, sustained the TAs' appeal, find-

ing, among other things, that tenured TAs are professional educators entitled to the lay-off seniority protection afforded to "teacher[s]" by Education Law § 3013 (2), and directing their reinstatement. Petitioner then commenced this proceeding to annul the Commissioner's determination. In its petition, petitioner argued that none of its TAs have seniority rights under Education Law § 3013 (2) because a TA is not a teacher. Supreme Court (Kavanagh, J.) agreed and annulled the determination.

The Commissioner and the five TAs who were terminated appeal and we reverse. Based upon our review of Education Law § 3013 and the similar, parallel sections applicable to school districts in small and large cities (*see* Education Law § 2510 [2]; § 2585 [3]), as well as the cases applying those sections, we cannot agree that the Commissioner misinterpreted Education Law § 3013 (2) in ruling that tenured TAs are entitled to its lay-off seniority protection.

Education law § 2510 (2), § 2585 (3) and § 3013 (2) are nearly identical statutes that provide lay-off seniority protection to tenured teachers employed by small city school districts, large city school districts and other boards of education, including boards of cooperative educational services. Each of these sections states that, when a position is abolished, "the services of the *teacher* having the least seniority in the system within the tenure of the position abolished shall be discontinued" (Education Law § 2510 [2]; § 2585 [3]; § 3013 [2] [emphasis added]). Significantly, we have noted that "teacher" has different meanings in different contexts in the Education Law (*see Matter of Board of Educ. of N. Tonawanda City School Dist. v Mills*, 263 AD2d 574, 576 [1999], *lv denied* 94 NY2d 751 [1999]). There, we determined that "teacher," in Education Law § 3014-b, did not encompass school social workers and counselors because the Legislature had recently amended that section to add only TAs and teacher aides in response to the holding in *Matter of Anderson v Cortland City School Dist.* (147 Misc 2d 7 [1990], *affd* 171 AD2d 1017 [1991]), which had narrowly defined it to exclude TAs. We were constrained by that statutory history to give "teacher" a very narrow meaning there, but that holding has no precedential value here because Education Law § 3013 (2) and its parallel sections do not have a similar statutory history.

Quite to the contrary, the courts of this state have applied the term "teacher" to include other professional educators in interpreting Education Law § 2510 (2), § 2585 (3) and § 3601-a (27) (a) (1) (*see Matter of Volk v Board of Educ. of City School*

*Dist. of Rochester,* 83 NY2d 930, 932-933 [1994] [director of human resources]; *Steele v Board of Educ. of City of N.Y.,* 40 NY2d 456, 462 [1976] [guidance counselors]; *Matter of Schlick v Board of Educ. of Mamaroneck Union Free School Dist.,* 227 AD2d 407, 408 [1996] [assistant superintendent]; *Matter of Board of Educ. of Beacon City School Dist. v Story,* 212 AD2d 76, 79 [1995] [TAs]). Conversely, as the Commissioner correctly noted, there are no cases interpreting the term "teacher" as used in Education Law § 3013 (2), or its parallel sections, to exclude TAs.

Finally, we note that the recall seniority protection provided by Education Law § 3013 (3) applies to "person," a much broader term than "teacher" and one that would include all tenured teaching staff. It would be anomalous to construe Education Law § 3013 (2) to deny TAs lay-off seniority at the time their positions are abolished while granting them recall seniority for reinstatement to similar positions *after* their positions are abolished. Accordingly, we agree with the Commissioner's interpretation of Education Law § 3013 (2) to include TAs, and do not find it to be contrary to the plain meaning of the statute.

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.