[823 NE2d 1265, 790 NYS2d 619]

In the Matter of MADISON-ONEIDA BOARD OF COOPERATIVE EDU-CATIONAL SERVICES, Appellant, v RICHARD P. MILLS, as Commissioner of Education of the State of New York, et al., Respondents.

Argued November 18, 2004; decided December 21, 2004

**POINTS OF COUNSEL**

*Ferrara, Fiorenza, Larrison, Barrett & Reitz, P.C.,* East Syracuse (*Henry F. Sobota* and *Craig M. Atlas* of counsel), for appellant. I. A teaching assistant is not a "teacher" within the meaning of section 3013 (2) of the Education Law. School districts and Boards of Cooperative Educational Services are therefore not statutorily required to lay off the teaching assistants with the least overall seniority first, regardless of their qualifications in particular areas. (*Matter of Anderson v Cortland City School Dist.,* 147 Misc 2d 7, 171 AD2d 1017; *Matter of Board of Educ. of N. Tonawanda City School Dist. v Mills,* 263 AD2d 574, 94 NY2d 751; *Matter of Fink v Avon Cent. School Dist.,* 207 AD2d 973, 85 NY2d 804; *Matter of Oleksa v Board of Educ. of E. Rockaway Union Free School Dist.,* 199 AD2d 270; *Matter of Robinson v Bruni,* 193 AD2d 1072; *Matter of McCulloch v New York State Ethics Commn.,* 285 AD2d 236; *Matter of Volk v Board of Educ. of City School Dist. of Rochester,* 83 NY2d 930; *Matter of Schlick v Board of Educ. of Mamaroneck Union Free School Dist.,* 227 AD2d 407; *Matter of Board of Educ. of Beacon City School Dist. v Story,* 212 AD2d 76.) II. Teaching assistants can have tenure rights without also having the right to be laid off on the basis of seniority. (*Ricca v Board of Educ. of City School Dist. of City of N.Y.,* 47 NY2d 385; *Matter of Baer v Nyquist,* 34 NY2d 291; *Matter of Zurlo v Ambach,* 75 AD2d 662, 53 NY2d 1035; *Matter of Weimer v Board of Educ. of Smithtown Cent. School Dist., No. 1,* 74 AD2d 574; *Matter of Ryan v Ambach,* 71 AD2d 719.) III. The court need not give deference to the Commissioner of Education's interpretation of section 3013 of the Education Law. (*Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451; *Matter of Cario v Sobol,* 157 AD2d 172; *Matter of Gruber [New York City Dept. of Personnel—Sweeney],* 89 NY2d 225; *Matter of Bojarczuk v Mills,* 98 NY2d 663; *Matter of Board of Educ. of N. Tonawanda City School Dist. v Mills,* 263 AD2d 574, 94 NY2d 751.)

*Eliot Spitzer, Attorney General,* Albany (*Evelyn M. Tenenbaum, Caitlin J. Halligan, Daniel Smirlock* and *Andrea Oser* of counsel), for Richard P. Mills, respondent. I. The Commissioner of Education's interpretation of "teacher" in section 3013 (2) of the Education Law is supported by other provisions of the Education Law and by regulations and case law interpreting them. (*Matter of Board of Educ. of Beacon City School Dist. v Story,* 212 AD2d 76; *Steele v Board of Educ. of City of N.Y.,* 40 NY2d 456; *Matter of Volk v Board of Educ. of City School Dist. of Rochester,* 83 NY2d 930; *Matter of Deichman v Board of Educ. of City School Dist. of City of Buffalo,* 74 AD2d 995; *Matter of Schlick v Board of Educ. of Mamaroneck Union Free School Dist.,* 227 AD2d 407; *Matter of Connell v Board of Educ. of City School Dist. of City of Utica,* 106 AD2d 866; *Board of Educ. of Portville Cent. School v Portville Faculty Assn.,* 96 AD2d 739; *Greenspan v Dutchess County Bd. of Coop. Educ. Servs.,* 96 AD2d 1028; *Matter of Brown v Board of Educ., Morrisville-Eaton Cent. School Dist.,* 211 AD2d 887; *Matter of Castle v Board of Coop. Educ. Servs. of Putnam & Westchester Counties,* 269 AD2d 394.) II. The history of section 3013 (2) of the Education Law supports the Commissioner of Education's interpretation of the statute. (*Matter of Silver v Board of Educ.,* 46 AD2d 427; *Matter of Anderson v Cortland City School Dist.,* 147 Misc 2d 7, 171 AD2d 1017; *Matter of Robinson v Bruni,* 193 AD2d 1072; *Matter of Oleksa v Board of Educ. of E. Rockaway Union Free School Dist.,* 199 AD2d 270.) III. The Commissioner of Education's determination is supported by public policy considerations. (*Matter of Moritz v Board of Educ. of Gowanda Cent. School Dist.,* 60 AD2d 161; *Steele v Board of Educ. of City of N.Y.,* 40 NY2d 456; *Ricca v Board of Educ. of City School Dist. of City of N.Y.,* 47 NY2d 385; *Matter of Baer v Nyquist,* 34 NY2d 291.) IV. The Commissioner of Education's determination is entitled to deference. (*Town of Lysander v Hafner,* 96 NY2d 558; *Matter of Gruber [New York City Dept. of Personnel—Sweeney],* 89 NY2d 225; *Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451; *Matter of Davis v Mills,* 98 NY2d 120; *Steele v Board of Educ. of City of N.Y.,* 40 NY2d 456; *Matter of Board of Educ. of N. Tonawanda City School Dist. v Mills,* 263 AD2d 574.)

*Kevin H. Harren,* Latham, and *James R. Sandner* for Lorraine Krason and others, respondents. The Appellate Division and the Commissioner of Education correctly held that teaching assistants are teachers within the meaning of Education Law § 3013. (*Ricca v Board of Educ.,* 47 NY2d 385; *Matter of Baer v Nyquist,* 34 NY2d 291; *Steele v Board of Educ. of City of N.Y.,* 40

NY2d 456; *Matter of Connell v Board of Educ. of City School Dist. of City of Utica,* 106 AD2d 866; *Board of Educ. of Portville Cent. School v Portville Faculty Assn.,* 96 AD2d 739; *Matter of Castle v Board of Coop. Educ. Servs. of Putnam & Westchester Counties,* 269 AD2d 394; *Matter of Schlick v Board of Educ. of Mamaroneck Union Free School Dist.,* 227 AD2d 407; *Matter of Volk v Board of Educ. of City School Dist. of Rochester,* 83 NY2d 930; *Matter of Brown v Board of Educ., Morrisville-Eaton Cent. School Dist.,* 211 AD2d 887; *Matter of Deichman v Board of Educ. of City School Dist. of City of Buffalo,* 74 AD2d 995.)

*Jay Worona,* Latham, and *John A. Miller* for New York State School Boards Association, Inc., amicus curiae. I. The statutory scheme that comprises article 61 of the Education Law does not support treating teaching assistants as teachers for layoff purposes. (*Matter of Anderson v Cortland City School Dist.,* 147 Misc 2d 7, 171 AD2d 1017; *Matter of Volk v Board of Educ. of City School Dist. of Rochester,* 83 NY2d 930; *Steele v Board of Educ. of City of N.Y.,* 40 NY2d 456; *Matter of Schlick v Board of Educ. of Mamaroneck Union Free School Dist.,* 227 AD2d 407.) II. Requiring school districts and Boards of Cooperative Educational Services (BOCES) to lay off teaching assistants based strictly on their seniority contravenes public policy because it deprives school districts of the ability to retain the services of teaching assistants in positions where their knowledge and skills will best serve students. (*Matter of Steinberg v Steinberg,* 18 NY2d 492; *Matter of Young v Board of Educ.,* 35 NY2d 31; *Matter of Weimer v Board of Educ.,* 76 AD2d 1046; *Board of Educ. v Niagara Wheatfield Teachers Assn.,* 54 AD2d 281.)

### OPINION OF THE COURT

G.B. Smith, J.

At issue on this appeal is whether teaching assistants (TAs) fall within the purview of Education Law § 3013 (2) for the purpose of determining layoffs. We conclude that they do, and we affirm the order of the Appellate Division.

## I

The Board of Cooperative Educational Services for the Madison-Oneida school districts (BOCES) laid-off nine TAs on June 1, 2001, effective June 30, 2001. The layoffs were not in accordance with the seniority system within the tenure track

"teaching assistant"[1] pursuant to Education Law § 3013 (2).[2] Five of the nine TAs were senior to teaching assistants who did not receive layoff notices. Three of the nine TAs were the least senior within their respective areas and they did not appeal the layoff decisions. One person was rehired prior to the start of the 2001-2002 school year.

On September 24, 2001, the five named TAs filed a CPLR article 78 petition challenging the layoffs. Supreme Court dismissed the petition, retaining primary jurisdiction but allowing the Commissioner of Education to determine whether or not the teaching assistants were included within the purposes of Education Law § 3013 (2) and, consequently, whether the TAs should have been dismissed based on seniority.

Following Supreme Court's decision, in November 2001, the TAs appealed to the Commissioner for a determination that the TAs were teachers pursuant to Education Law § 3013 (2). In March 2002, the Commissioner rejected BOCES's arguments that the TAs were similar to vocational teachers because there were no specific educational, certification, or licensure requirements to be a TA. The Commissioner annulled BOCES's determination that the teaching assistants were not teachers, and did not have to be fired according to seniority, and reinstated TAs to full-time teaching positions with back pay and benefits, effective July 1, 2001. The Commissioner found that "teaching assistants are protected by Education Law § 3013 (2)." Further, the Commissioner determined that the plain meaning of 8 NYCRR 30.8 placed "all teaching assistants in the same special subject tenure area of teaching assistant [which] directly contradicts the argument that teaching assistants hold tenure" within a specific subject area of teaching assistant.

In July 2002, BOCES commenced an article 78 proceeding to have the Commissioner's determination annulled. In December 2002, Supreme Court annulled the Commissioner's determination, observing that Education Law §§ 3014-a and 3014-b had

1. BOCES appealed the designation of teaching assistant as a tenure track grouping at the Appellate Division, Third Department. The Appellate Division found that teaching assistant is a tenure track designation pursuant to 8 NYCRR 30.8 (d). However, BOCES has not appealed the tenure track areas of teaching assistants to this Court.

2. Education Law § 3013 (2)—"Whenever a trustee, board of trustee[s], board of education or board of cooperative educational services abolishes a position under this chapter, the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued."

been amended in 1998 to include teaching assistants and teacher aides but that Education Law § 3013 had not been so amended. The Supreme Court stated, "An interpretation of the statute [§ 3013 (2)] to include teachers assistant [*sic*] is inconsistent with the plain wording of the statute and would serve to preempt the function of the State Legislature."

In December 2003, Appellate Division reversed and found that:

> "Education Law § 2510 (2), § 2585 (3) and § 3013 (2) are nearly identical statutes that provide lay-off seniority protection to tenured teachers employed by small city school districts, large city school districts and other boards of education, including boards of cooperative educational services. Each of these sections states that, when a position is abolished, 'the services of the *teacher* having the least seniority in the system within the tenure of the position abolished shall be discontinued' . . . . Significantly, we have noted that 'teacher' has different meanings in different contexts in the Education Law . . . .

> "[T]he courts of this state have applied the term 'teacher' to include other professional educators in interpreting Education Law § 2510 (2), § 2585 (3) and § 3601-a (27) (a) (1)" (2 AD3d 1240, 1241 [2003] [citations omitted]).

Further, Appellate Division determined, "It would be anomalous to construe Education Law § 3013 (2) to deny TAs layoff seniority at the time their positions are abolished while granting them recall seniority for reinstatement to similar positions *after* their positions are abolished" (*id.* at 1242 [emphasis in original]). This Court granted leave to appeal.

## II

Pursuant to Education Law § 1950, BOCES provides occupational programs for students within a specific school district. The programs employ TAs to supplement the services of classroom teachers (*see* 8 NYCRR 80-5.6 [b] [1] [ii] [b]).[3] TAs are in tenure-based positions pursuant to parallel statutes (*see*

---

3. 8 NYCRR 80-5.6 (b) (1) (ii) (b) (in pertinent part)—"Teaching assistants who hold the pre-professional teaching assistant certificate shall have the same scope of practice as other teaching assistants, in accordance with the

Education Law §§ 3012,[4] 3014[5]). Their credential and licensure requirements are outlined in 8 NYCRR 80-5.6.

The five laid-off TAs were in the areas of special education, career exploration, community based occupation counseling, and pre-kindergarten. Effective June 30, 2001, the five teaching assistants on this appeal were laid off due to declining enrollment in their respective programs. The TAs were not laid off according to seniority but rather based upon the needs of BOCES. BOCES argues that teaching assistants are not teachers within the meaning of Education Law § 3013 (2), and thus, are not protected by the same statutory tenure requirements. Further, BOCES argues that teaching assistants are different from other professional educators and that TAs can still have tenure protection without inclusion in section 3013 (2).

The TAs counter that they are teachers within the meaning of Education Law § 3013 (2) and § 2510 (2), and argue that the Commissioner of Education of New York State (the Commissioner) should be given deference because of "the special knowl-

---

duties prescribed in clause (a) of this subparagraph. Within that scope of practice, teaching assistants holding a pre-professional teaching assistant certificate may, at the discretion of the employing district, and while under the general supervision of a teacher, perform such duties as . . . ."

4.  Education Law § 3012 (1) (a) (in pertinent part)—"Teachers and all other members of the teaching staff of school districts, including common school districts and/or school districts employing fewer than eight teachers, other than city school districts, shall be appointed by the board of education, or the trustees of common school districts, upon the recommendation of the superintendent of schools, for a probationary period of three years, except that in the case of the teacher who has rendered satisfactory service as a regular substitute for a period of two years or as a seasonally licensed per session teacher of swimming in day schools who has served in that capacity for a period of two years and has been appointed to teach the same subject in day schools, on an annual salary, the probationary period shall be limited to one year; provided, however, that in the case of a teacher who has been appointed on tenure in another school district within the state, the school district where currently employed, or a board of cooperative educational services . . . ."

5.  Education Law § 3014 (1) (in pertinent part)—"Administrative assistants, supervisors, teachers and all other members of the teaching and supervising staff of the board of cooperative educational services shall be appointed by a majority vote of the board of cooperative educational services upon the recommendation of the district superintendent of schools for a probationary period of not to exceed three years; provided, however, that in the case of a teacher who has been appointed on tenure in a school district within the state, the board of cooperative educational services where currently employed, or another board of cooperative educational services, and who was not dismissed from such district or board as a result of charges brought pursuant to subdivision one of section three thousand twenty-a of this chapter, the probationary period shall not exceed two years."

edge and expertise of the Commissioner." The TAs argue for a broad definition of the word "teacher" which they support with case law (*see Matter of Volk v Board of Educ. of City School Dist. of Rochester*, 83 NY2d 930, 932 [1994] [tenure statute, Education Law § 2585 (3), term teacher applied to school administrator/supervisor]; *Steele v Board of Educ. of City of N.Y.*, 40 NY2d 456, 463 [1976] [teacher applied to elementary school guidance counselors under section 2585 (3)]).

First, as noted by the Commissioner, the duties of a teaching assistant are to aid those teachers who are trained to teach specific subjects to students. Pursuant to the Rules of the Board of Regents, professional educators may serve in the "special subject tenure area of teaching assistant" (8 NYCRR 30.8 [d]). Thus, all teaching assistants are part of the same subject area.

In order to have an internally consistent interpretation between tenure track statutes, statutes of appointment (§ 3012 [1] [a]; § 3014 [1]) must have a parallel interpretation with statutes of abolition (§§ 2510,[6] 3013 [2]; *see also* Education Law §§ 3020, 3020-a [pretermination procedures]). The legislative history of section 3013 (2) supports the conclusion that persons hired by a board of education or a BOCES should be laid off according to seniority. Thus, for layoff purposes, TAs fall within the ambit of section 3013 (2). Teaching assistants, which is a separate tenure area from teachers, should not have their abolition rights judged by whether or not they meet the qualifications and credentials of teachers (*see* 8 NYCRR 80-5.6 [b]). Their separate credentials have been accorded tenure, and the TAs should have due process rights within that system. It is the due process rights of professional educators, not just those of teachers, which the Legislature sought to protect in the abolition of position or office pursuant to section 3013 (2).

III

At times deference is accorded to an administrative agency because of its expertise in a given area (*see Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459 [1980];[7] *Matter of Davis v Mills*, 98 NY2d 120, 125 [2002] ["It is for the Commissioner in the

---

**6.** Education Law § 2510 (2)—"Whenever a board of education abolishes a position under this chapter, the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued."

**7.** *See* 49 NY2d at 459 ("Where the interpretation of a statute or its application involves knowledge and understanding of underlying operational

first instance and not for the courts, to establish and apply criteria to govern the selection and retention of qualified educators and staff"]; *Matter of Board of Educ. of City School Dist. of City of Oneida v Nyquist,* 45 NY2d 975, 976 [1978] [finding that dissent's reasoning at the Appellate Division, that the Commissioner's determination that a teacher had acquired tenure was due deference, was correct]). However, in the instant case, this Court is faced with the interpretation of statutes and pure questions of law and no deference is accorded the agency's determination (*see Kurcsics,* 49 NY2d at 459;[8] *Matter of Gruber [New York City Dept. of Personnel—Sweeney],* 89 NY2d 225, 231 [1996]). Teaching assistants are professional educators for the purposes of the tenure track system as outlined in 8 NYCRR part 30 (*see* 8 NYCRR 30.1 [e]; 30.8 [d]). It makes no difference whether the teaching assistant is part of the board of education or board of cooperative educational services (*see id.*). Further, for purposes of abolishing positions, the term "teacher" includes teaching assistants.

Education Law § 3012 (1) (a) and § 3014 (1), which are tenure sections of the Education Law, address appointments of "[t]eachers and all other members of the teaching" staff (*see* Education Law § 3012 [1] [a]; § 3014 [1]). The laws are not intended to allow distinctions which only benefit the school system, and ultimately harm the teachers (*see Ricca v Board of Educ. of City School Dist. of City of N.Y.,* 47 NY2d 385, 391 [1979] ["The tenure system is not an arbitrary mechanism designed to allow a school board to readily evade its mandate by the creation of technical obstacles on a qualified teacher's trail to tenure"], citing *Matter of Baer v Nyquist,* 34 NY2d 291 [1974]).

Education Law § 3013 (2) and § 2510 (2) address the abolition of a position or layoff (*see* Education Law § 3013 [2]; § 2510 [2]). In both statutes, "the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued." The phrase "services of the

---

practices or entails an evaluation of factual data and inferences to be drawn therefrom, the courts regularly defer to the governmental agency charged with the responsibility for administration of the statute. If its interpretation is not irrational or unreasonable, it will be upheld.")

**8.** *See id.* ("Where, however, the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency and its interpretive regulations are therefore to be accorded much less weight.")

teacher" is to be distinguished from services of supervisory and administrative staff, rather than from those of a teaching assistant or teacher aide (*see* 8 NYCRR part 80). If in fact it was the intent of the Legislature to exclude teaching assistants from the tenure track system for purposes of abolition, then there would be no protection from layoffs for teaching assistants who gain tenure in that position (*see Steele*, 40 NY2d at 463 [Legislature created various tenure areas under 8 NYCRR part 30]). Because such protection appears to have been contemplated in other relevant statutes, it is probable that the Legislature intended to include teaching assistants in Education Law § 3013 (2) for purposes of layoffs (*see* 1992 NY Assembly Bill A 11062-A;[9] *see also* 1997 NY Senate Bill S 3426-C [under sections 3014-a and 3014-b, extending benefit in rehiring not just to teachers but to teaching assistants]).

## IV

Section IV of the Personnel Policy on Tenure addresses seniority for teachers, teaching assistants, coordinator, and director, etc. The Policy states in pertinent part: "Seniority for purposes of abolition of positions shall be determined by length of service within a tenure area." From its Personnel Policy, the Madison-Oneida BOCES contemplated inclusion of teaching assistants into the tenure system and intended that the system be based on a formula for seniority (*see Steele*, 40 NY2d at 463 [Court upholds seniority formula applied to elementary school guidance counselors]). BOCES, in the instant action, appears to be going against its own policies for the purposes of dismissing teaching assistants.[10]

---

9. "The bill aims to prevent the use of favoritism by a school board or BOCES in the retention of staff and to protect tenured personnel by clarifying the process by which staff are dismissed and subsequently rehired. In addition, the bill prevents school boards from abolishing a position as means for disposing of unwanted tenured personnel, when in fact, no savings in cost or increase in efficiency is expected to be realized.

"Identical language appears in Article 51 of the Education Law, which governs small city school districts. However, the courts and the Commissioner of Education have interpreted this provision to apply to school districts and boards of cooperative educational services generally. This bill will clarify that these provisions apply to all school districts." (Budget Report on Bills, Bill Jacket, L 1992, ch 737.)

10. "IV. Seniority

## V

Previous case law supports the use of the term "teacher" for positions other than an actual classroom teacher (*see Matter of Volk*, 83 NY2d at 932 [applying Education Law § 2585 (3)[11] to school administrator/supervisor requiring that the "teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued"]; *Steele*, 40 NY2d at 463 [applying Education Law § 2585 (3) to elementary school guidance counselors]). Thus, applying the term "teacher" to teaching assistants would not create precedent in terms of using the term for persons other than teachers. In fact, contrary to BOCES's view, applying the term teacher to a TA would be a logical extension of the term.

BOCES's hands will not be tied because they are unable to abolish positions in areas where TAs are no longer needed[12] (*see Matter of Davis*, 98 NY2d at 124-125 [former school psychologist not entitled to position as elementary school counselor which required different certifications]; *Matter of Young v Board of Educ. of Cent. School Dist. No. 6*, 35 NY2d 31, 34 [1974] [no violation of tenure system when position of attendance teacher was abolished and duties transferred to those of assistant principal and principal]; *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.*, 40 NY2d 774, 777 [1976] [school board required to exercise authority in making tenure decisions]).

---

"Seniority for purposes of abolition of positions shall be determined by length of service within a tenure area. Any unpaid leave time shall not be included in determining length of service. In instances where length of service is identical, seniority shall be determined as follows:

"1. By the date of Board appointment, where individuals are appointed at different Board meetings, then if equal;

"2. If appointed by different Board resolutions at the same Board meeting, by order of appearance of the resolutions in the Board minutes, then if equal;

"3. If appointed by the same Board resolution, by the order of appearance of names in such resolution."

**11.** Education Law § 2585 (3)—"Whenever a board of education abolishes a position under this chapter, the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued."

**12.** Amicus curiae, New York State School Boards Association, Inc., argues that applying section 3013 (2) to teaching assistants circumscribes the ability of school districts to consider knowledge and skill when circumstances necessitate laying off teaching assistants because it causes districts to shuffle teaching assistants around based on seniority, rather than based on their knowledge and skills.

However, applying Education Law § 3013 (2) to teaching assistants will prevent BOCES from acting in an arbitrary manner in abolishing positions within the subtenure area of teaching assistant (*see Matter of Baer*, 34 NY2d at 295, *explained by Matter of New York City Dept. of Envtl. Protection v New York City Civ. Serv. Commn.*, 78 NY2d 318 [1991] ["Radical restructuring of tenure areas, compatible with the purpose of the tenure statutes, should not be free of controlling regulations or express standards propounded by the Board of Regents or enacted by the Legislature"]).

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed, with costs.