■ In the Matter of PUTNAM NORTHERN WESTCHESTER BOARD OF COOPERATIVE EDUCATIONAL SERVICES et al., Respondents, v RICHARD P. MILLS, as Commissioner of Education of the State of New York, et al., Appellants, et al., Respondent. [847 NYS2d 292]—

Spain, J. Appeal from a judgment of the Supreme Court (Ferradino, J.), entered September 8, 2006 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Commissioner of Education reinstating respondent Lorraine Galluzzo to her position as a teacher of cosmetology.

In September 2002, petitioner Putnam Northern Westchester Board of Cooperative Educational Services (hereinafter BOCES) notified respondent Lorraine Galluzzo that she had been appointed to a full-time, three-year probationary position of "Teacher—Tenure Area—Cosmetology," effective September 1, 2002 to August 31, 2005. Galluzzo had previously, in 1991, been granted tenure in the tenure area of teaching assistant in another school district within the state. In April 2005, without a hearing, Galluzzo was terminated from her position as a teacher of cosmetology effective June 30, 2005. She then appealed BOCES's decision to respondent Commissioner of Education, claiming that her previous tenure as a teaching assistant entitled her to a reduced probationary period of two years pursuant to Education Law § 3014 (1), that she had gained tenure by estoppel when BOCES allowed her to continue her employment beyond the two-year period without taking any action and, as a result, she was entitled as a tenured employee to a hearing prior to termination. The Commissioner sustained Galluzzo's appeal and ordered Galluzzo reinstated to her position with back pay and benefits. BOCES and its superintendent then commenced this proceeding pursuant to CPLR article 78 to annul the determination of the Commissioner, and Supreme Court

granted their petition. The Commissioner and Galluzzo (hereinafter collectively referred to as respondents) now appeal, and we affirm.

Prior to receiving a grant of tenure, eligible educators must serve in their positions for a probationary period of up to three years, subject to the proviso that in the case of a teacher who has previously been appointed on tenure within New York, the probationary period shall not exceed two years (*see* Education Law § 3014 [1]). The crux of respondents' argument is that Supreme Court should have deferred to the Commissioner and held that, pursuant to Education Law § 3014, Galluzzo was entitled to the reduced probationary period despite the fact that her prior tenure had been as a teaching assistant, rather than as a teacher.

Where the " 'interpretation of a statute or its application involves knowledge and understanding of underlying operational practices or entails an evaluation of factual data and inferences to be drawn therefrom, the courts regularly defer to the governmental agency charged with the responsibility for administration of the statute' " (*Town of Lysander v Hafner*, 96 NY2d 558, 565 [2001] [emphasis omitted], quoting *Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459 [1980]). Where however, as here, the question is one of "interpretation of statutes and pure questions of law," Supreme Court correctly concluded that no deference is accorded by the courts to the agency's determination (*Matter of Madison-Oneida Bd. of Coop. Educ. Servs. v Mills*, 4 NY3d 51, 59 [2004] [holding that a question of whether the term "teacher" included teaching assistants in the context of abolishing positions was one of pure statutory construction]).

Turning, therefore, to the task of statutory construction, we begin, as always, with the language of the statute. Education Law § 3014 (1) provides that "[a]dministrative assistants, supervisors, teachers and all other members of the teaching and supervising staff . . . shall be appointed . . . for a probationary period of not to exceed three years; provided, however, that in the case of a teacher who has been appointed on tenure in [any New York school district or board of cooperative education services] . . . , the probationary period shall not exceed two years." We reject respondents' assertions that the plain language of the statute makes the two-year probation provision available to any teacher who has been previously tenured, regardless of whether the prior tenure was attained as a teacher. The language does not specifically provide that the reduced probationary period should be available to teachers previously tenured in nonteaching positions.

Further, the legislative history of Education Law § 3014 lends support for the contrary conclusion, that the reduced probation period was intended to benefit only previously tenured teachers, i.e., those who have demonstrated their "ability to teach" (Mem of Assembly Member Thomas Frey, 1975 NY Legis Ann, at 160). We conclude that the 1975 amendment to section 3014—which provided the "more reasonable probationary period"—was specifically intended "[f]or a *teacher* who has acquired tenure in a school district [because, in that case] the probationary period in a new school district should be basically to demonstrate his [or her] ability to adjust and relate to pupils, colleagues and the community" (*id.* at 160-161 [emphasis added]; *see* L 1975, ch 140, § 5).

In other contexts, the Legislature has evinced its intention to treat teaching assistants the same as teachers by specifically amending the relevant statute.* Although it could have also amended Education Law § 3014 (1), it did not. Likewise, while courts have held that the term "teacher" includes "teaching assistant" under other statutes (*see e.g. Matter of Madison-Oneida Bd. of Coop. Educ. Servs. v Mills*, 4 NY3d at 59; *Matter of Board of Educ. of Beacon City School Dist. v Story*, 212 AD2d 76, 79 [1995]), the purpose of the probationary period—to evaluate an individual's performance as a teacher prior to granting tenure—guides us against doing so here (*see Matter of Weinbrown v Board of Educ. of Union Free School Dist. No. 15, Town of Hempstead*, 28 NY2d 474, 476 [1971]).

Indeed, because the duties and qualifications of teaching assistants are drastically different from those of teachers (*compare* 8 NYCRR 80-5.6 [b], *with* 8 NYCRR 100.2 [o] [2] [iii] [b]), prior tenure as a teaching assistant may not be a reliable indicator of competent performance as a teacher. Notably, a teaching assistant must be supervised by a licensed or certified teacher, does not develop lesson plans and is not required, as is a teacher, to "devote a substantial portion of his [or her] time" to classroom instruction (8 NYCRR 30.5, 30.6, 30.7, 30.8; *compare* 8 NYCRR 30.8 [d]; 80-5.6). In light of these distinctions, we are also unpersuaded by respondents' reliance on *Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist.* (81 NY2d

---

* The Legislature amended Education Law §§ 3014-a and 3014-b in 1998 to specifically include teaching assistants in response to *Matter of Anderson v Cortland City School Dist.* (171 AD2d 1017 [1991]), which held that "the position of teaching assistant is not included within the meaning of the word 'teacher' as used in Education Law § 3014-b" (*id.* at 1017; *see Matter of Madison-Oneida Bd. of Coop. Educ. Servs. v Mills*, 2 AD3d 1240, 1241 [2003], *affd* 4 NY3d 51 [2004]; L 1998, ch 511, as amended; Mem of NY Assembly in Support, 1998 McKinney's Session Laws of NY, at 1917).

446 [1993]), wherein the Court of Appeals held that the petitioner—a special education teacher—was entitled to a reduced probationary period because of previous tenure as an elementary school teacher. Significantly, in *Gould* the prior tenure was obtained as a teacher, albeit in a different area, whereas Galluzzo's prior tenure was not as a teacher. In our view, the language of the statute, the legislative history, and prior judicial interpretation all support the conclusion that the legislative intent of Education Law § 3014 is to shorten the probationary period only for those teachers who have previously attained tenure *as teachers* (*see Matter of Abbott v Barker Cent. School Dist. Bd. of Educ.*, 305 AD2d 1104 [2003] [affirming, for reasons stated, Supreme Court decision holding that the reduced tenure period applies to those previously tenured as teachers, and not to an individual who had previously acquired administrative tenure], *lv denied* 100 NY2d 510 [2003]; *see also Matter of Carpenter v Board of Educ. of Locust Val. Cent. School Dist.*, 71 NY2d 832 [1988]).

Given our conclusion that Galluzzo was not entitled to the shortened probationary period, she did not obtain tenure by estoppel after two years had passed (*see Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist.*, 81 NY2d at 450; *Matter of Hacker v Questar III*, 31 AD3d 911, 912 [2006], *lv denied* 7 NY3d 715 [2006]) and, thus, she was not entitled to a hearing prior to termination (*see* Education Law §§ 3020, 3020-a; *see also Matter of Abramovich v Board of Educ. of Cent. School Dist. No. 1 of Towns of Brookhaven & Smithtown*, 62 AD2d 252, 255 [1978], *affd* 46 NY2d 450 [1979], *cert denied* 444 US 845 [1979]).

Crew III, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.